# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

No. 18-20711

ELIJAH WILLIAM WALLACE,

Plaintiff - Appellant

v.

LUCINDA KAY MARSHALL, State Attorney,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2806

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Elijah Wallace, a pretrial detainee in the Texas court system, proceeding pro se and in forma pauperis, filed this action in federal district court under 42 U.S.C. § 1983 against his state-appointed attorney, Lucinda Kay Marshall, because he is dissatisfied with her representation of him. The district court summarily dismissed the complaint for failure to state a claim because

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20711

Marshall is not a state actor. This was undoubtedly correct. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The district court entered final judgment, and Wallace appealed. Wallace has also moved this court to appoint appellate counsel for him. Marshall has not responded.

Wallace's appellate brief makes no argument that Marshall is suable under § 1983 or that the district court's dismissal of his complaint was improper. Rather, he argues that the state lacks probable cause for the criminal charge against him and asserts that Marshall "has failed to lift a finger" to defend him. And he asks this court to dismiss the state criminal case against him, relief which we cannot properly grant. *See Younger v. Harris*, 401 U.S. 37, 49 (1971). The correct place for Wallace to raise these arguments is in the court where he is being prosecuted.

Accordingly, we AFFIRM the judgment of the district court and DENY as unnecessary Wallace's motion for appointment of counsel.

Wallace is warned that the district court's dismissal of his complaint for failure to state a claim counts as a strike against him under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 288 (5th Cir. 2017).[1] If he accumulates three such strikes, he may be barred from filing suit in forma pauperis unless "under imminent danger of serious physical injury." § 1915(g).

---

[1] We note that this is not Wallace's only strike. *See Wallace v. Tex. Bd. of Pardons & Paroles*, No. H-18-2743, 2018 WL 6335456, at *2–3 (S.D. Tex. Dec. 4, 2018), *aff'd*, 776 F. App'x 877 (5th Cir. 2019).